**Dismissed and Memorandum Opinion filed October 30, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00937-CR

### RAYMOND FIELD, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Cause No. 1310214**

## M E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to arson. In accordance with the terms of a plea bargain agreement with the State, the trial court sentenced appellant on July 11, 2012, to confinement for three years in the Institutional Division of the Texas Department of Criminal Justice. No motion for new trial was filed. On July 24, 2012, appellant filed a *pro se* notice of appeal.

The trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea bargain case, and the defendant has no right of

appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on appeal. *See* Tex. R. App. P. 25.2(d). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

On September 6, 2012, a written request to withdraw the notice of appeal, personally signed by appellant, was filed with this court. *See* Tex. R. App. P. 42.2. This court granted the request, and on September 18, 2012, this court issued a memorandum opinion dismissing the appeal. *See Field v. State,* No. 14-12-00712-CR (Tex. App.—Houston [14th Dist.] Sept. 18, 2012, no pet.) (not designated for publication).

On October 1, 2012, appellant filed a *pro se* notice of appeal in the trial court in an attempt to appeal the same judgment of conviction. The new appeal was assigned to this court. In his notice of appeal, appellant states that the trial court granted permission to appeal. The judgment recites, however, that no permission to appeal was granted. In addition, the trial court certified that appellant has no right to appeal. *See* Tex. R. App. P. 25.2(a)(2).

The notice of appeal filed October 1, 2012, is untimely to appeal from the July 11, 2012, judgment and sentence. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal which complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal, and under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Accordingly, we order the appeal dismissed.

PER CURIAM

Panel consists of Justices Frost, Christopher, and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).